John C. West – 007233
jwest@bhfs.com
Ishra K. Solieman – 028551
isolieman@bhfs.com
**BROWNSTEIN HYATT FARBER SCHRECK, LLP**
One East Washington Street, Suite 2400
Phoenix, AZ 85004
Telephone: 602.382.4040
Facsimile: 602.382.4020

*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| SurgCenter of Gilbert, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>UnitedHealthcare of Arizona, Inc.,<br><br>Defendant. | No. _____<br><br>**NOTICE OF REMOVAL** |

Defendant UnitedHealthcare of Arizona, Inc. ("Defendant") submits this Notice of Removal of this action from the Maricopa County Justice Court of the State of Arizona to the United States District Court for the District of Arizona, pursuant to 28 U.S.C. §§ 1331, 1332(a), (c), 1441(a) and (b), and 1446, and state as follows:

1. This is a civil action in which this Court has original jurisdiction under 28 U.S.C. § 1331, 29 U.S.C. § 1132(a) and may be removed to this Court pursuant to 28 U.S.C. § 1441(a) in that it arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001, *et. seq*.

2. The Complaint alleges that Defendant provided services to a patient covered under an insurance policy issued by the Defendant but has not been paid. The Complaint further alleges that Defendant's offset of overpayments mistakenly made on unrelated cases is improper.

1    3.   On August 28, 2015, Defendant was served with a Summons, Complaint,
2 and Notice of Lawsuit in the above entitled action. A true copy of the Summons,
3 Complaint, and Notice of Lawsuit are attached hereto as Exhibits A, B, and C.

4    4.   No pleadings or papers have been filed by the Plaintiff in this action except
5 those filed with this Court accompanying this Notice of Removal.

6    5.   This Notice of Removal is timely filed with the District Court within thirty
7 (30) days after service of the Complaint on Petitioners.

### Basis for Removal

9    6.   Removal of this case is proper because this suit arises under the laws of the
10 United States. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29
11 U.S.C. § 1132(e) because the claims raised are governed and completely preempted by
12 ERISA. Congress granted exclusive jurisdiction to the District Courts for actions brought
13 under 29 U.S.C. § 1132(a) to recover benefits due under the terms of an ERISA plan or to
14 enforce rights under an ERISA plan. 29 U.S.C. § 1132(e)(1). Further, 29 U.S.C. §
15 1132(f) provides:

> [T]he district courts of the United States have jurisdiction, without respect to the amount in controversy or the citizenship of the parties, to grant the relief provided for in subsection (a) of this section in any action.

19   7.   The patient referred to in the Complaint is an eligible participant in an
20 ERISA-governed employee welfare benefit plan sponsored and funded by the employer
21 of the plan participant, Nationstar Mortgage LLC. The name of the Plan is the Nationstar
22 Mortgage Welfare Benefit Plan (the "Plan").

23   8.   The Defendant is the claims administrator for the Plan.

24   9.   The Complaint alleges that the Plaintiff provided medically necessary
25 services to a patient and seeks recovery of plan benefits which would be available only
26 by application of the ERISA-governed employee welfare benefit plan.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
One East Washington Street, Suite 2400
Phoenix, AZ 85004

10. Plaintiff's claims are rooted in the Plan itself and represent the Plaintiff's attempt to recover benefits alleged to be due under the Plan. The allegations and claims for relief implicate no legal duty independent of ERISA or the Plan's terms.

11. The Plaintiff's claims are completely preempted and properly removed to this Court as the claims, at bottom, seek recovery of benefits under the Plan and require the interpretation and application of Plan terms.

12. The Plaintiff's state-law causes of action and relief are preempted as improperly duplicating, supplementing and supplanting the ERISA civil enforcement remedies and in accordance with ERISA § 502(a), these claims fall under ERISA and are thereby completely preempted. *See Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004).

13. Pursuant to 28 U.S.C. § 1444(d), a copy of this Notice of Removal will be filed with the Clerk of the Maricopa County Highland Justice Court of the State of Arizona.

14. Pursuant to 28 U.S.C. § 1444(d), Defendant is providing written notice of this Removal by service on Plaintiff's counsel of record with a complete copy thereof.

15. Defendant reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant respectfully requests this Court to assume jurisdiction over the cause herein, as provided by law.

RESPECTFULLY SUBMITTED this 28th day of September, 2015.

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: *s/John C. West*
John C. West
Ishra K. Solieman
One East Washington Street, Suite 2400
Phoenix, AZ  85004
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

☒ I hereby certify that on September 28, 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Elliot S. Isaac – elliot.isaac@azbar.org

☐ I hereby certify that on _____, I served the attached document by mail on the following, who are not registered participants of the CM/ECF System:

By  *s/Ashly White*