John C. West – 007233
jwest@bhfs.com
Ishra K. Solieman – 028551
isolieman@bhfs.com
**BROWNSTEIN HYATT FARBER
SCHRECK, LLP**
One East Washington Street, Suite 2400
Phoenix, AZ 85004
Telephone: 602.382.4040
Facsimile: 602.382.4020

*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SurgCenter of Gilbert, LLC, | No. CV15-01933-PHX-DJH |
| Plaintiff, | |
| vs. | **DEFENDANT'S MOTION TO DISMISS COMPLAINT** |
| UnitedHealthcare of Arizona, Inc., | |
| Defendant. | |

Defendant UnitedHealthcare of Arizona, Inc. ("United") respectfully moves the Court for an order dismissing Plaintiff's Complaint [Doc. 1-1 at 4] in its entirety because Plaintiff's state law claim is completely preempted by the exclusive remedial provision of the Employee Income Retirement Security Act of 1974, 29 U.S.C. §§ 1001 et seq. ("ERISA"). This Motion is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

It is well-settled that ERISA has such "extraordinary pre-emptive power" that a Complaint comprised solely of state law claims cannot escape removal notwithstanding the well-pled complaint rule. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004); *see also Cleghorn v. Blue Shield of California*, 408 F.3d 1222, 1226 (9th Cir. 2005) ("Artful pleading does not alter the potential for [a] suit to frustrate the objectives of ERISA.") Plaintiff's state law claim against United is based on United's alleged nonpayment of

benefits in connection with its role as a claims administrator of an ERISA-governed employee benefit plan and is thus preempted.  Further, Plaintiff has not obtained a valid assignment from the ERISA beneficiary and therefore does not have standing to sue for recovery under an ERISA Plan.  Finally, Plaintiff has not exhausted its administrative remedies as required under ERISA.  For these reasons, Plaintiff fails to state a claim upon which relief can be granted and Plaintiff's Complaint should be dismissed in its entirety.

**I**.   **Relevant Background**

This matter involves the purported nonpayment of benefits by United in connection with its role as the claims administrator of the Nationstar Mortgage Welfare Benefit Plan (the "Plan").  The Complaint alleges that the Plaintiff provided medically necessary services to a patient, who is covered by "Defendant's health insurance."  [Doc 1-1 at 4, ¶ 1].  The Plan, identified by Plaintiff as "Defendant's health insurance," is an employee welfare benefit plan as defined under ERISA and the patient who allegedly received the treatment from Plaintiff is a beneficiary of that Plan.  [Doc 1 at 2:19-22].

On August 26, 2015, Plaintiff filed its Complaint in the justice court asserting a state law claim for the recovery of a debt.  Plaintiff cannot, however, seek the recovery of such amounts through a state law claim as recovery is only available through the application of the terms of that Plan, and is thus preempted by ERISA.

**II.**   **Standard of Review**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted where the complaint's factual allegations, even if proved, do not entitle Plaintiff to relief.  *Oregon Natural Resources Council v. Mohla*, 944 F.2d 531, 533 (9th Cir. 1991).  Although all factual allegations are assumed to be true and all reasonable inferences drawn in the Plaintiff's favor, the Court need not accept a Complaint that fails to state a claim that is "plausible on its face." *Moss v. US. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009).

Here, Plaintiff's Complaint fails to state a claim upon which relief can be granted because the state law claim is completely preempted by ERISA, the Plaintiff lacks

BROWNSTEIN HYATT FARBER SCHRECK, LLP
One East Washington Street, Suite 2400
Phoenix, AZ 85004

1    standing, and has failed to exhaust administrative remedies.   It should therefore be
2    dismissed.

3    **III.    ERISA Preempts Plaintiff's State Law Claim**

4         A state cause of action that duplicates, supplements or supplants the civil
5    enforcement provision of ERISA is completely preempted under ERISA § 502(a).
6    *Davila,* 542 U.S. at 208-09.   Further, ERISA § 514(a) preempts state law claims that
7    "relate to" the administration of an ERISA-regulated benefit plan.   29 U.S.C. § 1144(a);
8    *see also Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 45-46 (1987) (stating that a cause of
9    action that "relates to" an employee benefit plan, meaning it "arise[s] out of the
10   administration of a covered plan," is preempted by ERISA).   Because Plaintiff's claim is
11   rooted in the Plan itself and is nothing more than the Plaintiff's attempt to recover
12   benefits alleged to be due under the Plan, the claim for relief is preempted.

13        **A.     The Claims at Issue Arise Under the Plan**

14        The Complaint alleges that United failed to make a payment to Plaintiff for health
15   care services rendered to a patient covered by a health plan administered by United.
16   Specifically, the Complaint alleges that Plaintiff provided services to a patient "with
17   Defendant's health insurance" [Doc. 1-1 at 4, ¶ 1] and that United "has paid Plaintiff
18   nothing" [Doc. 1-1 at 4, ¶ 2].   No matter how Plaintiff attempts to re-characterize its case,
19   the case is at bottom, an action for the failure to pay Plaintiff for the patient's claim under
20   "Defendant's health insurance" *i.e.* the Plan.   Because the Plan is governed by ERISA
21   [Doc. 1 at 2:19-22], the state law claim is preempted and should therefore be dismissed.

22        **B.     Plaintiff's Claims is Preempted by ERISA's Exclusive Remedies**
23        **Provision**

24        ERISA was enacted to provide a "uniform regulatory regime over employee
25   benefit plans.  To this end, ERISA includes expansive pre-emption provisions." *Davila,*
26   542 U.S. at 208.   ERISA §502(a) is the civil enforcement provision of ERISA.  *Id.*  Under
27   the provision, a beneficiary (or a valid assignee of the beneficiary), may bring a civil
28   action to recover benefits due under the terms of the employee welfare benefit plan, to

**BROWNSTEIN HYATT FARBER SCHRECK, LLP**
One East Washington Street, Suite 2400
Phoenix, AZ 85004

BROWNSTEIN HYATT FARBER SCHRECK, LLP
One East Washington Street, Suite 2400
Phoenix, AZ 85004

1    enforce the beneficiary's rights under the terms of the plan or to clarify the beneficiary's

2    rights to future benefits under the plan.  29 U.S.C. § 1132(a)(1)(B).

3    Any state law claim that duplicates, supplements, or supplants ERISA's civil

4    enforcement provision is preempted by ERISA.  *Davila,* 542 U.S. at 209.  The state law

5    claim does not have to precisely duplicate the elements of an ERISA claim to be

6    preempted.  *Id.* at 216.  Instead, ERISA preempts any "state cause of action that provides

7    an alternative remedy to those provided by the ERISA civil enforcement mechanism"

8    because such a claim "conflicts with Congress' clear intent to make the ERISA

9    mechanism exclusive."  *Id.* at 214, n.4; *Cleghorn v. Blue Shield of California,* 408 F.3d

10   1222, 1225 (9th Cir. 2005) ("[a] state cause of action that would fall within the scope of

11   this scheme of remedies is preempted")  Therefore, "if an individual, at some point in

12   time, could have brought his claim under ERISA [], and where there is no other

13   independent legal duty that is implicated by a defendant's actions, then the individual's

14   cause of action is completely preempted by ERISA."  *Davila,* 542 U.S. at 210.

15   Plaintiff's claim in this case falls within the scope of ERISA § 502(a) because it is

16   based on the alleged improper denial by United to pay for medical care provided to an

17   ERISA plan beneficiary.  Thus, the Plaintiff seeks to impose an alternative remedy to

18   those provided by the ERISA civil enforcement mechanism.  As such, Plaintiff's claim is

19   preempted by Section 502(a), ERISA's exclusive enforcement provisions.

20   **IV.    Plaintiff Lacks Standing to Bring a Claim under ERISA**

21   A healthcare provider like Plaintiff "cannot bring claims for benefits on its own

22   behalf. It must do so derivatively relying on patients' assignment of their benefits

23   claims."  *Spinedex Physical Therapy USA Inc. v. United Healthcare of Arizona, Inc.*, 770

24   F.3d 1282, 1289 (9th Cir. 2014).   Plaintiff does not allege that it obtained a valid

25   assignment from its patient, a participant in an ERISA-governed Plan, to pursue its claim

26   for relief for benefits due under the Plan.  Because the Plaintiff does not allege to have a

27   valid assignment, it lacks standing to assert claims against United for alleged non-

28

BROWNSTEIN HYATT FARBER SCHRECK, LLP
One East Washington Street, Suite 2400
Phoenix, AZ 85004

payment of benefits due under the ERISA-governed plan.  For this reason alone, the state law claim should be dismissed.

**V.** **Plaintiff has Failed to Exhaust Administrative Remedies**

ERISA requires that a Plaintiff exhaust its administrative remedies prior to bringing an action in Federal Court.  *See Diaz v. United Agr. Employee Welfare Ben. Plan & Trust*, 50 F.3d 1478, 1483 (9th Cir. 1995) ("Quite early in ERISA's history, we announced as the general rule governing ERISA claims that a claimant must avail himself or herself of a plan's own internal review procedures before bringing suit in federal court").  Plaintiff has failed to allege exhaustion of such administrative remedies, warranting a dismissal of the claim.

**VI.** **Conclusion**

For the foregoing reasons, United respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety.

RESPECTFULLY SUBMITTED this 5th day of October, 2015.

BROWNSTEIN HYATT FARBER
SCHRECK, LLP


By:   *s/Ishra K. Solieman*
            John C. West
            Ishra K. Solieman
            One East Washington Street, Suite 2400
            Phoenix, AZ   85004
            *Attorneys for Defendant*

**<u>CERTIFICATE OF SERVICE</u>**

☒ I hereby certify that on October 5, 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Elliot S. Isaac – elliot.isaac@azbar.org

☐ I hereby certify that on     , I served the attached document by mail on the following, who are not registered participants of the CM/ECF System:

By   *s/Ashly White*

BROWNSTEIN HYATT FARBER SCHRECK, LLP
One East Washington Street, Suite 2400
Phoenix, AZ 85004

012089\0209\13432542.1

6